Olshan Frome Wolosky LLP
Safia A. Anand
Scott A. Shaffer
Howard J. Smith
744 Broad Street, 16th Floor
Newark, New Jersey 07102
(212) 451-2300
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

| | |
|---|---|
| RANDA ACCESSORIES LEATHER GOODS LLC, | |
| Plaintiff, | Civil Action No. |
| -against- | **COMPLAINT** |
| BED BATH & BEYOND INC. and SAMSONICO USA LLC, | **JURY TRIAL DEMANDED** |
| Defendants. | |

---

<u>**COMPLAINT FOR TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION AND VIOLATION OF N.J. STAT. §56:4-1 *et seq.***</u>

Plaintiff Randa Accessories Leather Goods LLC ("Randa"), by its attorneys Olshan Frome Wolosky LLP, alleges on knowledge as to its own acts and otherwise on information and belief as follows:

<u>**NATURE OF THE ACTION**</u>

1.     This is an action for trade dress infringement, false designation of origin, and unfair competition in violation of the laws of the United States and the State of New Jersey. Plaintiff seeks an injunction, damages and related relief.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28

U.S.C. §§ 1331, 1338 and 1367.  Plaintiff's claims are predicated upon the Lanham Trademark Act

of 1946, as amended, 15 U.S.C. § 1051, et seq., and related claims under the statutory and common

law of the State of New Jersey.  Venue is properly founded in this district pursuant to 28 U.S.C. §§

1391 (b) and (c).

## THE PARTIES

3.      Plaintiff Randa is a Delaware limited liability company with its principal place of

business at 5600 North River Road, Suite 500, Rosemont, Illinois 60018.

4.      Defendant Bed Bath & Beyond Inc. ("BBB") is a New York corporation with its

principal place of business at 650 Liberty Avenue, Union, New Jersey 07083.

5.      Defendant Samsonico USA LLC ("Samsonico") is an Arkansas limited liability

company with its principal place of business at 4925 Westin Park Dr., Conway, AR 72034.  BBB

and Samsonico are collectively referred to herein as "Defendants".

6.      BBB has several locations in this judicial district, its principal place of business is in

this judicial district and BBB has advertised, distributed, offered for sale and/or sold the infringing

products at issue in this case and regularly conducts business in New Jersey and within this judicial

district.

7.      Samsonico supplied the infringing products at issue to BBB and has advertised,

distributed, offered for sale and/or sold the infringing products at in this case to BBB in New Jersey

and within this judicial district.

3443158-1

## RANDA'S INTELLECTUAL PROPERTY

8.      Randa is a division of Randa Corp., a company that has been in the accessories business since at least as early as 1935.  Randa manufactures and sells various products throughout the United States and the world both under its own brand names and under license from other famous brand names.   Among Randa's products are Randa's popular "tailgating" products (the Randa "Tailgating Products"), which have been sold under the WEMBLEY brand name.

9.      Since at least as early as 2014, the Randa Tailgating Products have been widely advertised, offered for sale and sold throughout the United States.

10.      The Randa Tailgating Products include items such as Randa's Sauce Gun, Cowbell, Pigskin Football, Sideline Cooler Chair, and Flask.

11.      The Randa Tailgating Products use packaging that is non-functional, inherently distinctive, and sets the products apart from other tailgating products in the marketplace.

12.      The trade dress of the Randa Tailgating Products consists of a collection of non-functional design elements, the combination of which gives the products a distinct overall look and commercial impression.  The following describes the elements of the Randa Tailgating Products Trade Dress (the "Randa Trade Dress"):

   (a)      The Randa Tailgating Products use vintage-style packaging that includes the words "Limited Edition" with three stars in red above the word Limited, the biggest of which is in the center;

   (b)      The words "Limited Edition" on the Randa Tailgating Products has the word Limited in white cursive against a navy blue background and the words edition in red cursive font;

3443158-1

(c)     The Randa Tailgating Products use the colors red, white and navy blue;

(d)     The Randa Tailgating Products include images of "retro" football players against a tan background;

(e)     The Randa Tailgating Products all include similar fonts, including the words "Limited Edition" in cursive, and other words in both cursive and block font.

(f)     Each of the Randa Tailgating Products includes wording to promote and/or describe the product being sold, for instance:

    a.     Sauce Gun:  "GET SAUCED AT YOUR NEXT BBQ...LOAD UP YOUR FAVORITE CONDMENT AND JUST SQEEZE THE TRIGGER!" and "SAUCE GUN COMES WIH REUSABLE KETCHUP AND MUSTARD CARTRIDGES";

    b.     Football:  "THE OLD VINTAGE-STYLE FOOTBALL" and "EXPERIENCE THOSE EARLY DAYS OF THE FORWARD PASS WITH THIS LIMITED EDITION, VINTAGE-STYLE FOOTBALL. SOFT AND EASY-TO-GRIP.  THE OLD "PIGSKIN" IS A MUST-HAVE FOR THE TRUE TAILGATER."

    c.     Sideline Cooler Chair: "STURDY METAL LEGS EASY-ACCESS COOLER CARRY HANDLES", "KEEP YOUR DRINKS JUST AN ARM'S LENGTH AWAY";

    d.     Stainless Steel Overtime Flask:  "WHEN THE GAME GOES INTO OVERTIME, YOU NEED A FLASK THAT DOES TOO."

13. The Randa Trade Dress can be seen in the images set forth below:

3443158-1

**SAUCE GUN**



3443158-1



3443158-1



3443158-1

**COWBELL**



**FOOTBALL**



3443158-1

**COOLER CHAIR**



3443158-1

**FLASK**



14.     The collection of features set forth above constitute an inherently distinctive trade dress that has acquired secondary meaning.

15.     The Randa Trade Dress has been extensively promoted by Randa in the United States since 2014 and has achieved significant sales success. The public has come to recognize the Randa Trade Dress as distinctive of this line of the Randa Tailgating Products and as an indication of source of such products. The Randa Trade Dress is thus a means by which Randa is known to the public and trade as the sole source and origin of the Randa Tailgating Products. Accordingly, the trade dress design has very strong consumer association with Randa.

3443158-1

16.     The Randa Trade Dress is not functional, as the packaging of the products does not create any functional advantage for the Randa Tailgating Products, and the design of the packaging in no way affects the quality or function of the products.

17.     The packaging of the Randa Tailgating Products is original and distinctive.  The Randa Tailgating Products are popular, well-known and sold in mass market stores and over the internet throughout the United States.

18.     As a result of Randa's exclusive and extensive use and promotion of the Randa Trade Dress, the Randa Trade Dress has acquired enormous value and recognition in the United States. The Randa Trade Dress is well known to the consuming public and trade as identifying and distinguishing Randa exclusively and uniquely as the source of the high quality products to which the Randa Trade Dress is applied.  The Randa Trade Dress is both distinctive and has acquired secondary meaning.

19.     In addition, Randa has filed expedited applications to register the copyrights for the packaging designs that make up the Randa Tailgating Products. Randa intends to amend this Complaint to add claims for copyright infringement once those registrations are issued.

### DEFENDANTS' WRONGFUL ACTS

20.     In early 2015, Randa was engaged in discussions with BBB to supply to it a line of the Randa Tailgating Products.  Randa exhibited the line to BBB and ultimately made a proposal to supply the line, which was rejected by BBB.

21.     BBB, after having rejected the opportunity to work with Randa to sell the Randa Tailgating Products, went on to manufacture, distribute, advertise, offer for sale and/or sell, in

3443158-1

connection with Samsonico, products which directly knockoff and imitate the Randa Tailgating Products.

22.      Defendants, without the consent of Plaintiff, are willfully manufacturing, distributing, advertising, offering for sale, and/or selling, throughout the United States, tailgating products, which copy and imitate the distinctive Randa Trade Dress (the "Offending Merchandise").   Defendant Samsonico has supplied the Offending Merchandise to Defendant BBB. The sale of the Offending Merchandise is likely to cause confusion, mistake or to deceive the consuming public into believing that such items originate from or are sponsored by or associated with Plaintiff, when such is not the case.  The Offending Merchandise is competitive with, related to, and directed and targeted towards the same group of ultimate consumers as the Randa Tailgating Products.

23.      Defendants, without Randa's authorization, intentionally and knowingly have and continue to manufacture, distribute, advertise, offer for sale and/or sell imitations of the Randa Trade Dress by offering the same products with packaging that has the same look and feel of the Randa Trade Dress, and even go so far as to copy the exact wording from the packing on the Randa Tailgating Products, as can be seen below:

3443158-1

| Randa Product | Defendants' Product |
|---|---|
| **SAUCE GUN** | |



| Randa Product | Defendants' Product |
|---|---|
|  |  |
|  |  |

| Randa Product | Defendants' Product |
|---|---|
| **COWBELL** | |



3443158-1

| Randa Product | Defendants' Product |
|---|---|



| Randa Product | Defendants' Product |
|---|---|
| **FOOTBALL** | |



| Randa Product | Defendants' Product |
|---|---|



| Randa Product | Defendants' Product |
|---|---|



3443158-1

| Randa Product | Defendants' Product |
|---|---|
| **COOLER CHAIR** | |

3443158-1

| Randa Product | Defendants' Product |
|---|---|
| **FLASK** | |

3443158-1

| Randa Product | Defendants' Product |
|---|---|



24.     Defendants' aforementioned acts are likely to cause confusion and mistake among consumers that (a) the Offending Merchandise originated with Plaintiff, (b) there is some affiliation, connection or association of Defendants and/or the Offending Merchandise with Plaintiff, and/or (c) such Offending Merchandise is being offered to consumers with the sponsorship and/or approval of Plaintiff.

25.     Defendants' aforementioned acts were willful and intentional, in that Defendants either knew that said products bore designs confusingly similar to the Randa Trade Dress, or willfully ignored such fact.  Defendants' acts were undertaken in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation and/or sponsorship of said products, and to gain the benefit of the enormous goodwill associated with the Randa Trade Dress.

### FIRST CLAIM FOR RELIEF
### (TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION, 15 U.S.C. § 1125(a))

26.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 25 above as if fully set forth herein.

27.     Defendants have reproduced, copied and imitated the Randa Trade Dress, and have offered for sale and sold the Offending Merchandise in a manner that is confusingly similar to the distinctive Randa Trade Dress of the Randa Tailgating Products.

28.     Defendants' adoption and use of the Randa Trade Dress constitutes trade dress infringement and deliberate and willful violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

3443158-1

29.     Defendants' adoption and use of the Randa Trade Dress, on and in connection with the Offending Merchandise without Randa's consent, constitutes the use of false or misleading designations of origin and/or the making of false or misleading representations of fact in violation of 15 U.S.C. § 1125(a), in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval, connection, association, or sponsorship of the goods distributed, sold and offered for sale by Defendants bearing the infringed Randa Trade Dress.

30.     Defendants' acts complained of herein are willful and done with the intention of trading upon the valuable goodwill built up by Plaintiff, or otherwise injuring Plaintiff.

31.     Such conduct on the part of Defendants jeopardizes the goodwill symbolized by the Randa Trade Dress, has injured Plaintiff in an amount to be determined at trial, and has caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.  As such, Plaintiff seeks an injunction pursuant to 15 U.S.C. §1116(a), as well as damages, a disgorgement of profits, and attorney's fees and costs, pursuant to 15 U.S.C. §1117(a).

## SECOND CLAIM FOR RELIEF
### (COMMON LAW TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION)

32.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 31 above as if fully set forth herein

33.     The aforementioned acts of Defendants constitute trade dress infringement and unfair competition in violation of the common law of the State of New Jersey.

34.     Defendants' misconduct has injured Randa in an amount to be determined at trial and has caused, and if not restrained by this Court, will continue to cause, Plaintiff serious and irreparable injury for which Plaintiff has no adequate remedy at law.

3443158-1

**THIRD CLAIM FOR RELIEF**
**(UNFAIR COMPETITION (N.J. STAT. § 56:4-1 *et seq*.))**

35.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 34 above as if fully set forth herein.

36.     The aforementioned acts of Defendants constitutes unfair competition in violation of N.J. Stat. § 56:4-1 *et seq*.

37.     Defendants' misconduct has injured Randa in an amount to be determined at trial and has caused, and if not restrained by this Court, will continue to cause, Plaintiff serious and irreparable injury for which Plaintiff has no adequate remedy at law.

WHEREFORE, Randa demands that a judgment be entered granting the following relief:

1.     Preliminarily and permanently enjoining and restraining Defendants and their affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with it from:

(a)     Imitating, copying or making unauthorized use of the Randa Trade Dress;

(b)     Manufacturing, importing, exporting, distributing, circulating, selling, offering for sale, advertising, promoting or displaying the Offending Merchandise or any other products bearing any marks, designs, or trade dress that is confusingly similar to the Randa Trade Dress;

(c)     Using any design or trade dress confusingly similar to the Randa Trade Dress in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product in such manner as to relate or connect, or tend to relate or connect, such product in any way with Randa or to any goods sold, sponsored, approved by, or connected with Randa;

3443158-1

(d)      Engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of any of the Randa Trade Dress or of Randa's rights in, or its rights to use or exploit such trade dress and copyrights, or the reputation and the goodwill associated with the Randa Trade Dress;

(e)      Making any statement or representation whatsoever, with respect to the Offending Merchandise, that falsely designates Randa as the origin of the goods, or that is false or misleading with respect to Randa; and

(f)      Engaging in any other activity, including the effectuation of assignments or transfers of its interest in designs confusingly similar to the Randa Trade Dress, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 1(a) through 1(e) above.

2.      Directing that Defendants deliver for destruction all products, labels, tags, packaging, artwork, prints, signs, packages, dyes, wrappers, receptacles and advertisements in its possession, custody or control bearing any marks, designs or trade dress confusingly similar to the Randa Trade, including all plates, molds, matrices and other means of making such infringements of the Randa Trade Dress.

3.      Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products at issue in this case that have been offered for sale, sold or otherwise circulated or promoted by Defendant are authorized by Randa or are related to or associated in any way with Randa's products.

3443158-1

4.      Compelling Defendants to account to Randa for any and all profits derived by Defendants from the sale or distribution of the Offending Merchandise.

5.      Awarding Randa all damages caused by the acts forming the basis of the Complaint.

6.      Awarding Randa all damages sustained by Randa as a result of Defendants' wrongful acts and directing that these damages be trebled pursuant to 15 U.S.C. § 1117.

7.      Requiring Defendants to account and pay over to Randa all profits realized by their wrongful acts, and directing that such profits be enhanced pursuant, pursuant to 15 U.S.C. § 1117.

8.      Directing Defendants be directed to pay over to Randa all of Randa's costs, disbursements, and reasonable attorneys' fees and expenses, together with pre-judgment interest.

9.      Retaining jurisdiction of this action in this Court for the purpose of enabling Randa to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof.

10.     Granting Randa such other and further relief as the Court deems just and proper.

Dated: New York, New York
       October 22, 2015

Respectfully submitted,

Safia A. Anand (SA 2386)
Scott A. Shaffer
Howard Smith
Olshan Frome Wolosky LLP
744 Broad Street, 16th Floor
Newark, New Jersey 07102
(212) 451-2300
*Attorneys for Plaintiff*

3443158-1